UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | CRIMINAL NO. A-12-CR-105 SS |
| | § § § | |
| HADI ALI YASSINE (1) | § | |

## DEFENDANT HADI YASSINE'S SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

Now comes Hadi Yassine, Defendant herein, and files this memorandum for consideration at his sentencing scheduled for January 25, 2013.

### Introduction

Defendant Hadi Yassine was convicted after a jury trial of Conspiracy to Launder Monetary Instruments, 18 U.S.C. § 1956(h) and two counts of Money Laundering, 18 U.S.C. § 1956 (a)(3)(B). The charges resulted from a "reverse sting" conducted by the government utilizing as an informant, Defendant's Cousin, Mo Yassine.

Consistent with the approach outlined in *Gall v. United States,* 128 S.Ct. 586 (2007), defendant urges the court to begin its process of reaching the proper sentence by properly calculating the guideline range under the Sentencing

**Hadi Yassine's Sentencing Memorandum – Page 1**

Guidelines. This memo begins with Defendant's view of the proper Guidelines Calculation. However, Defendant urges the court to assess a sentence below the applicable guideline range after considering the factors stated in 18 U.S.C. § 3553 (a)(2) and (6). Defendant herein states for the court the reasons why he contends that a sentence of probation or a split sentence of a term of incarceration of not more than six months followed by a term of probation is a sentence that is sufficient but not greater than is necessary to satisfy § 3553 (a)(2) and to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct as required by § 3553 (a)(6).

## The Guidelines Calculation

Defendant Hadi Yassine forwarded objections to the Presentence Report (PSR) on January 4, 2013. The United States Probation Office responded to the objections in its Addendum and Revised PSR that was forwarded to Defendant via fax on January 17, 2013. Objections affecting Guidelines scoring remaining unresolved relate to the inclusion in the Base Offense Level calculation in ¶ 41[1] of the PSR of the $100,000 involved in a money laundering transaction on June 24, 2009 and $1 million dollars alleged in the PSR to have been the amount of funds agreed by Mike Yassine and Mo Yassine to be laundered at some future time. Also unresolved is Defendant's objection concerning a reduction based on his role

---

[1] Paragraph 40 in the original PSR.

**Hadi Yassine's Sentencing Memorandum – Page 2**

in the offense. The Addendum reduces Defendant's Guidelines level by 2 based on a minor role in the offense. Defendant urges that the Guidelines level should be reduced an additional 2 levels under U.S.S.G. § 3B1.2(a) because he had a minimal role in the offenses of conviction.

### The $1 Million Dollars to be Laundered in the Future

In Paragraph 41 of the Revised PSR, the Base Offense Level is stated as 24. This number is the result of increasing the initial level of 8 under U.S.S.G. §2S1.1(a)(2) by 16 levels pursuant to the table in U.S.S.G. § 2S1.1 (a)(2) based on the value of the laundered funds being more than $1 million but less than $2.5 million. Included in the calculation is $1 million dollars which, according to ¶¶ 24 and 26[2], Mike Yassine agreed to launder with Mo Yassine in the future. In ¶¶ 31, 32, 33 and 34 of the Revised PSR attribute the $1 million to the relevant conduct of Defendant Hadi Yassine. Defendant continues in his objections to the inclusion of the $1 million in his Base Offense calculation in ¶ 41 for the reasons stated below.

### *Mike Yassine Did Not Agree to Launder $1 Million*

The Revised PSR at ¶ 26, states that Mike Yassine agreed that he and Mo Yassine <u>could</u> launder $1million in the next year, or $100,000 per month. Based on this conversation and "information provided by the agents," the PSR concludes

---

[2] Paragraph 26 in the Revised PSR was added in response to Defendant's Objections. Defendant objects to the factual statement in ¶ 26 that Mike Yassine agreed that they could launder $1 million in the next year to the extent that it implies that Mike Yassine agreed that they *would* launder $1 million dollars in the next year.

**Hadi Yassine's Sentencing Memorandum – Page 3**

in ¶ 31 that "…the defendants intended to launder an additional $1 million."  In ¶ 32, 33 and 34, the Revised PSR also includes the $1 Million dollars in the amount that the defendants intended to launder.

The conversation that ¶ 26 relies upon to evidence an agreement to launder $1 million dollars is at GX-24 page 255:

| | | |
|---|---|---|
| CHS (Mo Yassine): | | They trust me.  That's why I wanted to ask how much I can bring – if you can do more than 100,000 in one ye-one year, how much can I bring in one time? |
| Mike Yassine: | | Uh, in one time? |
| CHS: | | Yeah, see?  Next year, if I come, let's say that you tell me to bring 1,000,000.  In how long, will I divide the 1,000,000, in how many months?  You see?  I mean-- |
| Mike Yassine: | | Uh-uh… |
| CHS: | | --they're asking me questions like this, and I don't understand how I'm going to answer them.  Because I can't say anything that you won't do. |
| Mike Yassine: | | We can-we can do-we can do 1,000,000 in a year. |

This conversation does not establish that Mike Yassine agreed to launder $1 million dollars in the next year.  Mo Yassine clearly asks him hypothetically, how many months it would take to launder $1 million dollars if her were to bring it.  Mike Yassine replies that $1 million dollars can be laundered in a year.  Mo Yassine never offers him $1 million dollars to launder or indicates that he will

**Hadi Yassine's Sentencing Memorandum – Page 4**

bring him $1 million dollars.  There is simply no agreement to launder $1 million dollars the next year.

### *The $1 million Dollars was not an Act in Furtherance of the Jointly Undertaken Criminal Activity*

For the $1 million dollars to be included in the Base Offense Level computation for Hadi Yassine, he must have been responsible for that amount under U.S.S.G. § 1B1.3. (Relevant Conduct).  Hadi Yassine was not involved in the discussions concerning the $1 million dollars.  For him to be responsible for that amount the discussions must have constituted "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

Although Hadi Yassine was convicted of conspiracy to launder monetary instruments and would be criminally responsible for all foreseeable acts of coconspirators, responsibility at sentencing for co-conspirators' acts under U.S.S.G. § 1B1.3(a)(1)(B) is not as broad as co-conspirator criminal liability under *Pinkerton v. United States,* 328 U.S. 640, 646-48 (1946).  In 1992, U.S.S.G. § 1B1.3 was amended to specifically disavow that the scope of a defendant's responsibility for conduct at sentencing was coextensive with his criminal liability under *Pinkerton* for the foreseeable acts of his co-conspirators.  U.S.S.G. app. C, vol. I, Amend 439.  See *United States v. Soto-Piedra,* 525 F.3d 527, 531-32 (7th Cir. 2008).

**Hadi Yassine's Sentencing Memorandum – Page 5**

The application notes accompanying § 1B1.3 provide illustrations of the extent to which a defendant is liable for the acts of his co-conspirators where the defendant participates to a limited extent in a larger conspiracy.  See U.S.S.G. § 1B1.3 Application Notes: 2(B), *Illustrations of Conduct for Which the Defendant is Accountable.* (c)(1), (3) and (5).  Generally, a defendant is only responsible for his conduct and the foreseeable acts of his co-defendants in furtherance of the jointly undertaken conduct.

In this case, there is no evidence that Hadi Yassine agreed to engage in any money laundering transactions other than the two which occurred in his presence, namely, the one on October 10, 2008 and the one on April 30, 2009.  There is no evidence that he was aware that there were any discussion of laundering $1 million dollars.  He was only aware of the specific transactions which he observed and there is no evidence that he engaged jointly with other conspirators in any criminal activity other than those transactions.  Accordingly, he should only be responsible for the funds involved in those transactions.  See *United v. Rivera-Rodriguez,* 318 F.3d 268, 274-75 (1st Cir. 2003).

In its response to Defendant's Objections to the PSR, the Probation Department states at page 3A, "At no time did Hadi Yassine leave the conspiracy and he would have continued to reap the benefits of the funds laundered as he derived the majority of his income from Mike Yassine and his businesses."

**Hadi Yassine's Sentencing Memorandum – Page 6**

Defendant objects to this statement. There is absolutely no evidence to support the proposition that Hadi Yassine derived any benefits from the laundered funds other than from the transaction April 30, 2009. Defendant received money from Mike Yassine well before any funds were laundered and continued to receive funds from him after the activity ceased. Mike Yassine's businesses received millions of dollars in proceeds from lawful sources. He had more than sufficient funds available to give Hadi Yassine money without any contribution form the funds involved in the laundering transactions. There is nothing to indicate that Hadi Yassine profited from any of the laundering transactions.

### The $100,000 transaction on June 24, 2009 was not an Act in Furtherance of the Jointly Undertaken Criminal Activity

Based upon the principles stated in the foregoing section, Defendant Hadi Yassine should not be responsible at sentencing under U.S.S.G. § 1B1.3 (a)(1)(B) for the $100,000 transaction on June 24, 2009 conducted between Mo Yassine, Mike Yassine and Marisse Ruales.

Defendant took no part in the planning or execution of that transaction. There is no evidence that he received any of the funds used in the transaction. He was not present during the transaction or during any of the discussions arranging for that transaction. This transaction was not part criminal activity jointly undertaken by Hadi Yassine with any other co-conspirator.

**Hadi Yassine's Sentencing Memorandum – Page 7**

The fact that this transaction was not part of the jointly undertaken activity is illustrated by the series of calls between Mo Yassine and Hadi Yassine on May 2, 2009.  GX-24, pages 157-162.  In those calls Mo Yassine tries to enlist Hadi Yassine's help getting in contact with Mike Yassine to rearrange the schedule for depositing the checks from the April 30 transaction.  Hadi Yassine tells Mo Yassine that he wasn't aware of the arrangement for that transaction but he reluctantly agrees to contact Mike Yassine for Mo.  Later in the day, Mo Yassine calls Hadi Yassine back to ask if he has contacted Mike Yassine.  Defendant obviously becomes irritated with Mo Yassine and tells him, "Enough with this already."  The conversation indicates that Hadi Yassine was only a peripheral participant in the April 30 transaction and indicates his reluctance to become more involved with the details of that transaction.  He gives no indication of a desire to be involved in any future transactions.

### Adjustment for Role in the Offense

In response to Defendant's objection that he received no adjustment for a mitigating role in the offense under U.S.S.G. § 3B1.2, the Probation Department, in the Revised PSR included a 2 level reduction under U.S.S.G. § 3B1.2 (b), Minor Role.  Defendant respectfully submits that he should receive a 4 level reduction under U.S.S.G. § 3B1.2 (a), Minimal Participant.  Defendant did not participate in the planning or execution of the money laundering scheme.  His comments at the

**Hadi Yassine's Sentencing Memorandum – Page 8**

time of the transactions on October 10, 2008 and on April 30, 2009 indicated that he was not aware of the particulars of the transactions. His only involvement was to ask for $500 from the October 10 transaction (there is no evidence showing that he received the funds) and that he received some unspecified sum of the funds from the April 30 transaction. He is clearly among the least culpable of the participants and lacked knowledge and understanding of the scope and structure of the enterprise. See U.S.S.G. § 2B1.2, Application Notes: Note 4.

## Proper Guidelines Calculation

Scenario One. If the court concludes that neither the $1 million dollars stated in the PSR to be the amount intended to be laundered in the future or the $100,000 involved in the transaction on June 24, 2009 should be attributable to Defendant, then the total amount to be considered in applying the table in § 2B1.1 to the Base Offense Level Calculation would be $108,500. Under that Guidelines provision 8 levels would be added to the base offense level of 8 in U.S.S.G. § 2S1.1 (a)(2) resulting in a Base Offense Level of 16 in ¶ 41 of the Revised PSR.

Scenario Two. If the court concludes that the $ million dollars of supposed future funds should not be attributable to Defendant but the $100,000 from the June 24, 2009 transaction should be then the resulting Base Offense Level in ¶ 41 would be 20.

**Hadi Yassine's Sentencing Memorandum – Page 9**

Under Scenario One with no further reduction for minimal role in the offense under U.S.S.G. § 2B1.2 (a) the Total Offense Level in ¶ 50 would be 22 resulting in a Guidelines Range of 41-51 months.[3]

Under Scenario Two with no further reduction for minimal role in the offense under U.S.S.G. § 2B1.2 (a) the Total Offense Level in ¶ 50 would be 26 resulting in a Guidelines Range of 63-78 months.

Under Scenario One with a further reduction of 2 levels for minimal role in the offense under U.S.S.G. § 2B1.2 (a) the resulting Total Offense Level in ¶ 50 would be 18 resulting in a Guidelines Range of 27-33 months.

Under Scenario Two with a further reduction of 2 levels for minimal role in the offense under U.S.S.G. § 2B1.2 (a) the resulting Total Offense Level in ¶ 50 would be 24 resulting in a Guidelines Range of 51-63 months.

Defendant urges the court to determine that the correct Total Offense Level is 18 resulting in a Guidelines Range of 27-33 months.

<b><u>Requested Sentence Under 18 U.S.C. § 3553</u></b>

Hadi Yassine respectfully suggests that a sentence sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553 (a)(2) would be a sentence of either probation or a split sentence involving a period of incarceration of six months or less followed by a term of probation.

---

[3] Defendant has a Criminal History Category of I.

**Hadi Yassine's Sentencing Memorandum – Page 10**

Defendant Hadi Yassine urges that the requested sentence is appropriate in consideration of the following factors listed in 18 U.S.C. § 3553 (a)(2).

### *The Nature and Circumstances of the Offense*

Hadi Yassine became involved in the conduct that led to his conviction because his cousin, Mo Yassine, approached him and repeatedly urged him to get involved. Mo Yassine was recruited by the government specifically for the purpose of involving Hadi, Steve[4] and Mike[5] Yassine in drug trafficking and money laundering offenses. There was no evidence presented at trial or in discovery that indicated that Hadi Yassine was, prior to being approached by Mo Yassine, involved in laundering drug proceeds. There was no evidence introduced at trial or in discovery that Hadi Yassine was, at the time he was approached by Mo Yassine, engaged in narcotics trafficking. There was some evidence introduced at trial and disclosed in discovery that indicated that Hadi Yassine had in years past engaged in the sale of drugs but the last such instance of that activity occurred several years before he was approached by Mo Yassine.

Mo Yassine targeted Hadi Yassine for involvement in a drug trafficking offense.[6] However, the evidence showed that Hadi Yassine, despite the insistence of Mo Yassine, declined to become involved other than to inquire about the price

---

[4] Indicted as Mohammed Ali Yassine, but referred to at trial as Steve Yassine.
[5] Indicted as Hussein Ali Yassine, but referred to at trial as Mike Yassine.
[6] Evidence of this activity was introduced at trial for the limited purpose of showing knowledge or intent.

**Hadi Yassine's Sentencing Memorandum – Page 11**

for cocaine from a source known to Mo Yassine. When urged by Mo Yassine to get more involved by calling the source to arrange a transaction, Hadi Yassine told Mo Yassine, "You call him. He's your friend." The transaction did not go forward and efforts to involve Hadi Yassine in a drug transaction ceased.

In the offense for which Hadi Yassine was convicted, Conspiracy to Launder Monetary Instruments, and two substantive counts of Laundering Monetary Instruments, Hadi Yassine played no part in any planning, or executing any of the transactions. He was charged with two substantive transactions, one occurring on October 10, 2008 and the other on April 30, 2009.

With respect to the October 10, 2008, transaction there was no evidence to show that Hadi Yassine knew that the transaction was going to take place before he arrived at the offices of Yassine Enterprises on that date. The evidence showed that Mo Yassine picked him up at his residence and brought him to Yassine Enterprises because his car was in the shop. Hadi Yassine did not participate in any of the discussions with Mo Yassine concerning how the funds were to be laundered. Those discussion took place with Mike Yassine and Marisse Ruales. The only evidence of any involvement by Hadi Yassine with the purported drug proceeds was that he asked for $500 of the $8,500 (or $8,700) in funds after the laundering transaction was completed. There is no evidence whatsoever that he actually received any part of the funds.

**Hadi Yassine's Sentencing Memorandum – Page 12**

With respect to the April 30, 2009, transaction, again, there is no evidence that Hadi Yassine knew that the $100,000 transaction was to take place prior to his arrival at Yassine Enterprises on that date.[7]  He did not take part in the planning or execution of the transaction.  His involvement was to receive some unspecified amount of the cash involved in the transaction.  That cash, according to Mike Yassine, was for Hadi Yassine's business, Famous Vodka.  Although the government went to considerable effort to monitor Hadi Yassine's bank accounts to determine if any of the cash actually was deposited into those accounts, not one bill involved in the April 30, 2009 transaction or any other transaction involving funds supplied by Mo Yassine was shown to have gone into his accounts.  See GX-93, 94, 95 and 96.

When urged by Mo Yassine to assist him in contacting Mike Yassine to change the schedule for cashing the checks involved in the laundering scheme, Hadi Yassine failed to do so.  After repeated urging by Mo Yassine, Hadi Yassine finally exclaimed, "Enough with this already."

---

[7] During a meeting on December 2, 2008, Mo Yassine discussed with Mike Yassine general plans to launder funds by means of the issuance of checks falsely purporting to be pay checks to Mo Yassine and member of his family.  The transcript of the meeting indicates that while Hadi Yassine was present at Yassine Enterprises offices at the time the discussions between Mo Yassine and Mike Yassine took place, he was engaged in conversation with Marissa Ruales and was on the phone during most of the time.   He did not take part in any of the discussions of the particulars of the proposed transactions.  There was no discussion of when the transactions were to take place.  See GX-24, pages 78-89.

**Hadi Yassine's Sentencing Memorandum – Page 13**

Hadi Yassine had less that even a minimal role in the alleged offenses. He played no role in planning or executing the transactions. At most, he received some unspecified amount of the funds. This, taken with the fact that he was enticed into the conduct by the government's utilization of his cousin makes Hadi Yassine significantly less blameworthy than the average participant in a money laundering conspiracy involving purported drug proceeds.

### *The History and Characteristics of the Defendant*

Defendant urges the court to consider that October 1, 2012, the first day of the trial in this case, his wife, Ashley Yassine, gave birth to their son, Hazen Yassine. Hazen was born eight weeks premature. A narrative from Dr. Elizabeth Reidy, M.D. accompanies this memo under seal.[8] The letter filed herewith is unsigned because Dr. Reidy is currently unavailable until January 24 to sign the letter. A signed copy will be filed as soon as it is available.

Dr. Reidy's narrative, relects that Hazen has ongoing health issues that will be extremely difficult for Ashley Yassine to handle as a single parent.[9] The letter from Ashley Yassine, also provided under seal,[10] informs the court of the attentiveness to his wife and child Hadi Yassine has shown even during the

---

[8] Exhibits to Sentencing Memo - page 001.
[9] Because of the Yassine family desires the Hazen's medical records remain confidential, Defendant has filed the narrative from Dr. Reidy under seal. For the same reasons this memo will not discuss in detail Hazen's medical issues. Defendant refers the court to Dr. Reidy's letter for the specifics of his condition.
[10] Exhibits to Sentencing Memo – page 002-3

**Hadi Yassine's Sentencing Memorandum – Page 14**

difficult time of the trial. She informs the court of the extent to which she relies on Defendant to provide the special care and attention that Hazen requires. Ms. Yassine's letter in conjunction with Dr. Reidy's letter shows that Hazen Yassine will require case that is beyond the capability of Ashley Yassine to provide alone. Ms. Yassine's letter and other letters provided to the court indicate that Ms. Yassine's father was diagnosed last year with stage 4 colon cancer.[11] Consequently, Ms. Yassine's parents are not in a position to offer her assistance with providing care for Hazen.

Defendant Hadi Yassine requests that the court consider the needs of his family in choosing a sentence in this case. Defendant suggests that probation or a split sentence including a term of incarceration followed by probation would satisfy the remaining considerations set out in 18 U.S.C. § 3553 (a)(2) while allowing him to provide the care his son requires.

Also accompanying this memorandum in an exhibit are numerous letters from family members and friends attesting to the character of Hadi Yassine. Defendant urges the court to consider those letters in determining the appropriate sentence.

*The Need to Avoid Unwarranted Sentencing Disparities Among Defendants.*

---

[11] Exhibits to Sentencing Memo – pages 007, 014-16.

**Hadi Yassine's Sentencing Memorandum – Page 15**

Hadi Yassine was indicted in this case along with Marisse Ruales, Steve Yassine and Mike Yassine. The court heard that evidence at trial. It was abundantly clear that Marisse Ruales was an instrumental part of the money laundering scheme. She wrote the checks involved. She offered advice on to whom the checks should be made out and how they should be deposited. She arranged meetings between Mo Yassine and Mike Yassine to discuss the transactions and to carry them out. She was indicted all five counts of the indictment, the conspiracy count and all four substantive counts. The evidence at Defendant's trial would have supported the conviction of Ms. Ruales on all counts. The evidence showed her to be more culpable in the alleged criminal conduct than Hadi Yassine.

Because the proceedings concerning the disposition of Marisse Ruales' case are sealed, Defendant Hadi Yassine does not know the particulars of her agreement with the government. However, since Ms. Ruales dd not proceed to trial, it is obvious that she entered into a plea agreement with the government. It is also obvious that whatever assistance she provided to the government in this case did not involve testimony at Defendant's trial. Defendant understands that it is beneficial to a defendant to enter into a plea agreement rather than go to trial. However, his sentence should be the same or not significantly more than Marisse

**Hadi Yassine's Sentencing Memorandum – Page 16**

Ruales' sentence because his involvement in the offense conduct was not as substantial as her's.

The investigation in this case resulted in three indictments charging Steve Yassine with various offenses. In A12-CR-102, Steve Yassine was originally charged with conspiracy to distribute 500 grams or more of cocaine and with distribution of 500 grams or more of cocaine. In A12-CR-104, Steve Yassine was charged with conspiracy to distribute 500 grams or more of cocaine, distribution of 500 grams or more of cocaine and transferring a firearm knowing it is to be used in a drug trafficking crime. (18 U.S.C. § 924 (h). Each of the charges involving cocaine carry a mandatory minimum sentence of 5 years and a maximum sentence of 40 years. The firearm count carries a maximum sentence of 10 years.

Although Steve Yassine was acquitted in the instance case of a charge of money laundering, the drug trafficking offenses for which he was charged in the other cases arose out of the same investigation utilizing the same government informant, Mo Yassine. Mo Yassine successfully enticed Steve Yassine into engaging in the trafficking offenses which involved multiple kilos of cocaine. Hadi Yassine did not consummate a cocaine transaction even though Mo Yassine tried repeatedly to get him involved in one.

Steve Yassine ultimately pleaded guilty to a superseding information in A12-CR-102 charging him with an unspecified amount of cocaine which a

statutory punishment range of up to 20 years and no statutory minimum sentence. His actual sentence was 1 year and one day in prison. All other charges were dismissed. Even though Steve Yassine was acquitted of the money laundering charge, evidence introduced at trial clearly showed that he was guilty of the trafficking offenses. That conduct was more egregious than the conduct for which Hadi Yassine was convicted and would have likely resulted in a greater Total Offense Level under the Sentencing Guidelines. A sentence the same or greater than Steve Yassine's sentence for Hadi Yassine would constitute an unwarranted disparity between the sentences of those two defendants.

In A12-CR-104SS, Karim Faiq was indicted for conspiracy to distribute more than 500 grams of cocaine, distribution of more than 500 grams of cocaine and conspiracy to distribute 5 kilograms of cocaine. The offense involving 5 kilograms of cocaine carries a minimum term of 10 years imprisonment to a maximum of life imprisonment. The cocaine distribution scheme charged involved the investigation of the Yassine's utilizing Mo Yassine as a government informant. Mr. Faiq was charged with engaging in distribution of cocaine with Steve Yassine. Even though Mr. Faiq failed to appear in court and had to be reapprehended, he pleaded guilty to Misprision of a Felony, limiting his punishment to a statutory maximum of 3 years. The other charges were or will be dismissed. A sentence the

**Hadi Yassine's Sentencing Memorandum – Page 18**

same or greater for Hadi Yassine than that imposed in Karim Faiq's case would constitute an unwarranted disparity between the sentences of those two defendants.

## Conclusion

Defendant prays that after granting his objections to the Sentencing Guidelines calculation that it find that that the proper Offense Level is 18 with a Criminal History Category of I and that the proper guideline sentencing range is 27-33 months. However, Defendant urges the court to consider the factors stated in 18 U.S.C. § 3553 (a)(2) and (6) and sentence him to a term of probation or to a split sentence of not more than six month imprisonment followed by a term of probation.

Respectfully Submitted

/s/ E.G. Morris_____
E.G. Gerry Morris
Attorney for Defendant
SBN: 14477700
608 W. 12th Street, Suite B
Austin, Texas 78701
Phone: 512-478-0758
Fax: 512-478-0784

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January, 2013, I electronically filed Hadi Yassine's Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregg Sofer
Assistant United State Attorney

**Hadi Yassine's Sentencing Memorandum – Page 19**

816 Congress, suite 1000
Austin TX 78701
(512) 916-5858
Fax (512) 916-5854
Attorney for the Government

/s/ E.G. Morris_____
E. G. Morris

**Hadi Yassine's Sentencing Memorandum – Page 20**